## In re HYDE & GLOAD MFG. CO., Limited.

(District Court, E. D. New York. June 4, 1900.)

BANKRUPTCY—SUFFICIENCY OF PETITION—UNAUTHORIZED ALTERATION.

An amended petition in bankruptcy, executed as such by a creditor to be filed in proceedings previously instituted, cannot, after such execution, and after the proceedings have been dismissed by the court, be converted into an original petition by striking out the word "amended," and be made the basis of a new and independent proceeding; and where it has been so filed it will be dismissed on the facts being made to appear to the court.

In Bankruptcy.

Belfer & Flash, for certain creditors.
Francis A. McCloskey, for receiver.
Charles De Hart Brower, for petitioning creditors.

THOMAS, District Judge. It is charged that a petition filed May 23, 1900, by Ludwig Lesser and others, to adjudge bankrupt the Hyde & Gload Manufacturing Company, Limited, was altered by striking out certain portions thereof after its execution, by one of the petitioning creditors. Certain of the matter stricken out relates to the names and interests of proposed petitioning creditors, who did not finally join in the petition. While the alteration of the petition in this respect is disapproved, it may not affect its legal existence. But it is also charged that the petition was amendatory of a petition theretofore filed in this court by the same parties, and that the word "amended" was struck out after execution. Nothing in the replying affidavits shows that the word "amended" was struck out before the execution of the petition, and therefore the charge in that regard must be sustained. The result is that a petition executed in an action which the court had dismissed at the time of its execution has been filed, and is of no avail, inasmuch as the striking out of the word "amended" was unlawful, and an attempt was made to change the legal status of the petition so as to make it the basis of a new and independent proceeding, while in fact it was executed as auxiliary to the petition which had been theretofore filed. Therefore the appointment of the receiver under the second petition was void. It cannot stand as an amended petition, because the proceeding in which it was executed has been dismissed. It cannot stand as an original petition, because it was not executed as such, and an attempt to change it to such petition was illegal and unavailing. Therefore the petition must be dismissed. But another, and, so far as appears, valid, petition has been filed. By virtue of the jurisdiction thus acquired, all proceedings upon the part of the assignee are stayed, and he is directed forthwith to report to this court the property now in his hands; and the clerk of the court will prepare and present an order to that effect. This will obviate the necessity of appointing a receiver, but, as the receiver has acted in good faith, the sum paid for procuring his bond should be paid him.